# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **ON DEMAND BOOKS, LLC,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:20-CV-00510 |
| **BERNHARD BORGES,** | § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff On Demand Books, LLC files its Complaint against Defendant Bernhard Borges and respectfully states as follows:

## THE PARTIES

1. Plaintiff On Demand Books, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business located in New York, New York.

2. Defendant Bernhard Borges ("Defendant") is a citizen and resident of the State of Texas who resides at 17690 FM 1123, Holland, Texas 76534.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity and Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

4. This Court also has original jurisdiction over this action based on federal questions pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims rising under federal law. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 because

the purported claims are so related to the claims over which this Court has original jurisdiction that it forms part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted by Plaintiff occurred in this judicial district.

**FACTUAL BACKGROUND**

6. Plaintiff was founded in 2003 and engages in the business of offering and selling the on demand printing of books at the retail level.

7. Having created and patented the Espresso Book Machine ("EBM"), Plaintiff has placed EBMs in bookstores, libraries, schools, and other customer locations throughout the world. Essentially an ATM for books, the EBM enables the instant, on demand distribution and production of books at the customer's location. The EBM prints, binds, and trims a bookstore-quality, perfect-bound paperback book, in any language and with a full-color cover, in minutes.

8. Plaintiff enables EBMs to search for and purchase books through its EspressNet software system (which Plaintiff also created and patented). This system links all EBMs to a massive network of electronically available books and similar on-line literary content. Specifically, the EspressNet software system allows each EBM to directly and instantly access, search, and download books from the vast literary collections of all the major publishers and distributors. This system simultaneously manages and compiles information regarding customer purchases and the fees owed to the owners of the purchased books.

9. As a critical part of its business over the course of many years, Plaintiff has used an account with Amazon Web Services, Inc. ("AWS") as the platform for maintaining and operating its EspressNet software system. The AWS account was opened for and has been

continuously maintained on behalf of Plaintiff and its business operations. Indeed, Plaintiff has always paid all invoices from AWS relating to the account.

10. Along with the EspressNet software product, the AWS account contains all of Plaintiff's current computer programs, codes and content that support and keep the system running. The EspressNet software system and its supporting programs, codes and content constitute the core production and most mission critical system of Plaintiff's business.

11. In this regard, the AWS account effectively holds voluminous amounts of electronic data and materials constituting confidential and proprietary information belonging to Plaintiff. This includes, but is not limited to, computer programs, computer coding, source codes, business logic, and financial information reflecting customer lists, customer purchasing histories, sales records, and pricing. None of this information is generally known or readily ascertainable through proper means, and is treated and protected as trade secret information by Plaintiff.

12. Plaintiff hired Defendant as its Director of Information Technology on or around November 5, 2009.[1] In this position, Defendant was responsible for improving, expanding and maintaining the operation and capabilities of Plaintiff's EspressNet software system. As a necessary consequence of these duties, Defendant was also responsible for administering the AWS account from which the system was maintained and operated. Because Defendant needed access to the AWS account to perform his job responsibilities as a company employee, Plaintiff entrusted Defendant with the account's username and password.

13. Given his job position and duties, Defendant gained and accumulated extensive knowledge of and access to Plaintiff's proprietary business information, trade secrets and intellectual property. To protect such information, Plaintiff required Defendant to sign a

---

[1] Plaintiff's title was subsequently changed to Chief Software Architect, but such title change did not change his primary job duties.

Confidential Information, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement on July 10, 2010 (the "Agreement").[2]

14. Among other obligations, the Agreement prohibits Defendant from using Plaintiff's confidential business information and trade secrets at any time and requires Defendant, upon the separation of his employment, to "…deliver to the Company any and all drawings, notes, memoranda, specifications, devices, formulas, and documents, together with all copies thereof, and any other material containing or disclosing any Company Inventions, Third Party Information or Proprietary Information of the Company, as well as any other Company property."

15. Defendant's employment with Plaintiff ended in March, 2020. Despite his contractual and legal obligations, in addition to demands from Plaintiff, Defendant repeatedly refused, and continues to refuse, to provide Plaintiff with the username and password to its AWS account. In so doing, Defendant has failed to return Plaintiff's confidential business information and trade secrets, and has similarly retained control and maintained possession of Plaintiff's confidential business information and trade secrets.

16. Defendant has also denied Plaintiff control and possession of its own property and has prevented Plaintiff from maintaining and continuing the operation of the EspressNet software system. Indeed, while denied access to and control of the AWS account, the EspressNet software system began suffering multiple operational failures and then shut down completely for more than three weeks. Upon information and belief, Defendant also intentionally accessed the AWS account without authorization and made changes to the system that accelerated and exasperated its failure.

17. Defendant's conduct has caused, and continues to cause, Plaintiff to suffer significant business disruption, loss of business, loss of customer goodwill, damage to its business

---

[2] A true and correct copy of the Agreement is attached as Exhibit A.

reputation, and other similar harm. Plaintiff has also suffered and incurred costs associated with reconstituting software, databases, content interfaces, customer interfaces, client interfaces and other business logic matters.

## COUNT ONE
**(Breach of Contract)**

18. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

19. Defendant entered into a valid and enforceable contract, the Agreement, with Plaintiff.

20. Defendant has breached and continues to breach the Agreement by failing to deliver and return company property to Plaintiff, including access to the AWS account and the content of such account.

21. Defendant is liable to Plaintiff for his breaches of contract in an amount to be proven at trial, including Plaintiff's reasonable attorneys' fees and costs.

## COUNT TWO
**(Defend Trade Secrets Act, 18 U.S.C. §1836(b)(1))**

22. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

23. Through the course and scope of his employment and under the terms and conditions of the Agreement protecting Plaintiff's legitimate interests in having access to and possession of the AWS account and its contents, Defendant was assigned the safe keeping of the AWS account and the confidential and proprietary information contained therein, as identified above, and was the only employee with access.

24. Defendant maintained the account and performed functions necessary for its operation and maintenance.

25. Access was held strictly confidential due to the nature and content of the AWS account and its contents. Plaintiff has taken and continues to take reasonable steps to protect and preserve the secrecy of this information through, among other means, non-disclosure covenants, computer passwords, access restrictions, and other confidentiality policies. Indeed, the covenants in Defendant's Agreement were specifically intended to protect and preserve the secrecy of this information. Accordingly, this information is protected as trade secrets by the Defend Trade Secrets Act.

26. The confidential and trade secret information contained in Plaintiff's AWS account provides significant economic value and distinct economic and competitive advantages to Plaintiff. Despite Defendant's termination of employment and Plaintiff's repeated requests to return access of the AWS account to Plaintiff, Defendant has refused and continues to refuse to comply. Accordingly, Defendant has willfully and maliciously misappropriated Plaintiff's confidential and trade secret information.

27. Defendant is liable to Plaintiff for his misappropriation in an amount to be proven at trial, including exemplary damages, attorneys' fees, and costs.

## COUNT THREE
**(Conversion)**

28. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

29. Despite Plaintiff's demands, Defendant has wrongfully withheld and refused to provide Plaintiff with access to the AWS account and wrongfully retained control and possession of the property owned by Plaintiff within the account.

30. Defendant continues to possess or retain control over the AWS account and Plaintiff's property within such account despite having no right to do so.

31. Defendant has thus converted both the AWS account itself and Plaintiff's property within such account.

32. Defendant is liable to Plaintiff for his conversion in an amount to be proven at trial, including punitive damages, attorneys' fees, and costs.

## COUNT FOUR
### (Misappropriation of Trade Secrets and Confidential Information Under The Texas Uniform Trade Secret Act)

33. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

34. Through the course and scope of his employment and under the terms and conditions of the Agreement protecting Plaintiff's legitimate interests in having access to and possession of the contents of the AWS account, Defendant was assigned the safe keeping of the AWS account and the confidential and proprietary information contained therein, as identified above, and was the only employee with access.

35. Plaintiff has taken and continues to take reasonable steps to protect and preserve the secrecy of this information through, among other means, non-disclosure covenants, computer passwords, access restrictions, and other confidentiality policies.  Indeed, the covenants in Defendant's Agreement were specifically intended to protect and preserve the secrecy of this information.  Accordingly, this information is protected as trade secrets by the Texas Uniform Trade Secrets Act.

36. The confidential and trade secret information contained in Plaintiff's AWS account provides significant economic value and distinct economic and competitive advantages to Plaintiff. Despite Defendant's termination of employment and Plaintiff's repeated requests to return access of the AWS account to Plaintiff, Defendant has refused and continues to refuse to comply.

37. Upon information and belief, Defendant has, without authorization, accessed the AWS account and its content after his authorization was revoked. Accordingly, Defendant has willfully and maliciously misappropriated Plaintiff's confidential and trade secret information.

38. By retaining and refusing Plaintiff access to the AWS account, Defendant has failed to return Plaintiff's trade secrets and has similarly retained control and maintained possession of such information.

39. Defendant is liable to Plaintiff for his misappropriation in an amount to be proven at trial, including Plaintiff's reasonable attorneys' fees and costs.

## COUNT FIVE
### (Computer Fraud and Abuse Act, 18 U.S.C. §1030(g))

40. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the preceding paragraphs.

41. The AWS account is a web-based account connected to the internet and used by Plaintiff in interstate commerce.

42. Plaintiff's AWS account is a restricted database constituting a protected computer under the Computer Fraud and Abuse Act.

43. Defendant has intentionally accessed the AWS account without authorization and/or exceeded his authorized access to the AWS account. Defendant engaged in such conduct in violation of Plaintiff's policies and his contractual obligations to Plaintiff.

44. Defendant's conduct has impaired the integrity and availability of the AWS account and the information and system contained within it. Defendant's conduct has also caused monetary loss to Plaintiff aggregating at least $5,000 in value within a one-year period.

45. Defendant is liable to Plaintiff for his misconduct in an amount to be proven at trial, including lost revenue and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter the following judgment against Defendant:

(a) a judgment against Defendant and in favor of Plaintiff in a sum to be determined at trial for Defendant's breach of the Agreement;

(b) a judgment against Defendant and in favor of Plaintiff in a sum to be determined at trial for Defendant's conversion and misappropriation of Plaintiff's trade secrets;

(c) punitive damages, exemplary damages, attorney's fees, and costs as provided by each cause of action herein; and

(d) any additional damages and relief which the Court deems just, proper, and appropriate.

## JURY DEMAND

Plaintiff, by and through counsel, hereby request a trial by jury with the maximum number of jurors permitted by law on all claims so triable.

Respectfully submitted,

*/s/ C. Scott Jones*
**C. Scott Jones**
 Texas Bar No. 24012922
 sjones@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEY FOR PLAINTIFF**